`UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CANDY TOWNSEND,**

    **Plaintiff,**

v.                                                           Case No: 5:14-cv-611-Oc-PRL

**LET'S OF OCALA LLC d/b/a PALMS
INTERNET CAFÉ, a Florida Limited
Liability Company, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

Plaintiff Candy Townsend seeks an entry of default judgment on her Fair Labor Standards Act ("FLSA") claim for unpaid overtime. (Doc. 12). To date, Defendants have not made an appearance. I submit, based on a review of the record, that Plaintiff is entitled to default judgment and damages in the amount requested.

**I.   Background**

Plaintiff alleges that Defendants Let's of Ocala, LLC and Let's of Ocala II, LLC, both companies d/b/a Palms Internet Café, violated the overtime provisions of the FLSA. Specifically, she contends that while she worked as a cashier at various locations of Defendants' gambling establishments between November 12, 2012 and April 2013 (Doc. 1, ¶ 19), she consistently worked in excess of forty hours per week, but was not compensated for those excess hours at 1.5 times her hourly wage (Doc. 1, ¶ 21, 39), and that, per Defendants' requirement, she worked for

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

fifteen minutes prior to the start of each of her shifts, but was not permitted to "clock-in" so that she could be paid for such time. (Doc. 1, ¶ 28).

On November 4, 2014, Plaintiff filed her complaint (Doc. 1), and by November 11, 2014, she perfected service of process as to each Defendant. (Docs. 6–7).[2] Defendants failed to file a responsive pleading and the clerk entered default on December 9, 2014.[3] (Doc. 9). Defendants have not sought to vacate the default or otherwise appear or defend this action. On February 4, 2015, Plaintiff filed the instant motion for default judgment (Doc. 12) and a supporting affidavit that contains Plaintiff's statements of the amount of unpaid wages owed and copies of earning statements provided by Defendants during her employment. (Doc. 12, Ex. A).

## II. Standard

To begin, though Plaintiff is entitled to it here, a default judgment is not a foregone conclusion when a defendant fails to defend. Rule 55 of the Federal Rules of Civil procedure establishes a two-step process for obtaining a default judgment. "First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of the court is authorized to enter a clerk's default against the defendant." *Pierre v. Venus Satellite, Inc.*, No. 3:12-CV-343-J-34JBT, 2014 WL 103212 at *3 (M.D. Fla. Jan. 9, 2014). Then, "after receiving a clerk's default, the court, or in some instances the clerk, may enter a default judgment against the defendant for not appearing." *Id.*

A default judgment, however, cannot stand on a complaint where the Court lacks jurisdiction or the plaintiff fails to state a claim. *See Pierre*, 2014 WL 103212 at *3; *PNCEF,*

---

[2] The affidavits of service state that the summons, complaint, and notice of filing were served and endorsed by an agent of Let's of Ocala, LLC at 1840 SW 22nd Street, 4th Floor, Miami, FL 33145 on November 6, 2014 (Doc. 6) and an agent of Let's of Ocala II, LLC at 8449 SW Highway 200, Suite 141 and 143, Ocala, FL 34481 on November 11, 2014. (Doc. 7).

[3] A copy of the motion for clerk's default and the clerk's default itself were sent to the same addresses where service of process was issued. (Doc. 8–9).

*LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1291 (S.D. Ala. 2010). Thus, the Court must first assess the allegations in the complaint. In doing so, I note that through default a defendant does admit Plaintiff's well-pleaded factual allegations. *Pierre*, 2014 WL 103212 at *3 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

**III.   Discussion**

    **A.   FLSA Claim**

To prevail on her FLSA claim for unpaid or underpaid overtime, Plaintiff must establish that: (1) she was employed by Defendants; (2) she was engaged in commerce in the production of goods for commerce or was employed by an enterprise engaged in commerce or in the production of goods for commerce; and (3) Defendants failed to pay her the overtime pay required by law. *See Pierre*, 2014 WL 103212 at *4. Here, Plaintiff sufficiently alleges each of these requirements and, thus, states a claim against the Defendants under the FLSA.[4]

The first prong is easily met: Plaintiff states that she was an employee of Defendants as a non-exempt hourly-paid cashier within the meaning of the FLSA from November 12, 2012 to April 2013.[5] (Doc. 1, ¶¶ 8, 16, 19). The second prong is also met, but requires a bit of analysis. Plaintiff does not allege that she was engaged in commerce or in the production of goods for commerce; rather, she asserts she was "employed by an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1). To establish this second prong, then, she must show that she was employed by an "enterprise," that the enterprise was engaged in

---

[4] As Plaintiff correctly asserts, this Court has jurisdiction to decide the case under 28 U.S.C. § 1331 because her claims arise under the FLSA, as amended, 29 U.S.C. § 216(b). *See Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, No. 8:07-CV-2359T23TGW, 2008 WL 793660, at *1 (M.D. Fla. Mar. 24, 2008) ("The complaint, which pleads colorable claims under the FLSA, properly invokes federal subject matter jurisdiction under 28 U.S.C. § 1331.").

[5] Plaintiff further states that Defendants were "employers" within the meaning of the FLSA. (Doc. 1, ¶ 10).

commerce or in the production of goods for commerce, and that such enterprise had annual gross volume of sales of not less than $500,000.   29 U.S.C. §§ 203(s)(1)(A)–(B), 207(a)(1).

To satisfy this inquiry, she first contends that the two Defendants are a single enterprise for the purposes of the FLSA.   (Doc. 1, ¶ 11).   In order for two entities to constitute a single enterprise under the FLSA, they must have: (1) related activities; (2) unified operation or common control; and (3) a common business purpose.   *Donovan v. Easton Land & Dev., Inc.*, 723 F.2d 1549, 1551 (11th Cir. 1984).   She satisfies this test too, as she states that both Defendants make up a single enterprise because they have: "(i) common management, (ii) interrelated operations; (iii) centralized control of labor relations; and (iv) common ownership/financial controls."   (Doc. 1, ¶ 11).   And, as to the second part of the enterprise analysis, she states that Defendants run at least one gambling establishment in Marion County, Florida, that had annual gross revenue in excess of $500,000 during the relevant time period (i.e., her employment).   (Doc. 1, ¶¶ 5–6, 16).

This leaves the third prong of Plaintiff's prima facie case, which she can (and does) establish by showing that she worked overtime and was uncompensated for it, and that Defendants knew or should have known of the overtime work.   *See Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015) (citing *Allen v. Bd. of Pub. Educ. for Bibb Cnty.,* 495 F.3d 1306, 1314–15 (11th Cir. 2007)).   In her complaint, Plaintiff states that she was a non-exempt hourly-paid employee of the Defendants; that, throughout the relevant time period, she worked in excess of forty hours in one or more workweeks but was compensated only at her normal hourly wage; that, per Defendants' requirement, she worked for fifteen minutes prior to the start of each of her shifts but was not permitted to "clock-in" so that she could be paid for such time; that Defendants' failure to pay the overtime was willful; and, that Defendants knew or should have known that they

owed her overtime pay.[6]   (Doc 1, ¶¶ 16, 24, 28, 31, 34).    These allegations, which are accepted as true, are sufficient here to satisfy the claim that Defendants violated 29 U.S.C. § 207; specifically, that Plaintiff worked in excess of forty hours for one or more weeks, that she was unpaid for those hours at 1.5 times her hourly rate, and that Defendants knew Plaintiff worked those excess hours.

   B.   **Damages**

Since she has established the elements of her claim, I must next consider damages – i.e., to what, if any, she is entitled.   "While well-pleaded facts in the Complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages."   *Virgin Records America, Inc. v. Lacey,* 510 F. Supp. 2d 588, 593 n. 5 (S.D. Ala. 2007).   In other words, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."   *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.3d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for the award).   In doing so, the Court does have discretion under Rule 55(b), Fed. R. Civ. P., to hold an evidentiary hearing, but it is not required to, particularly where (as here) there is sufficient evidence in the record.   *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 Fed. Appx. 908, 911–12 (11th Cir. 2011); *Almeira v. GB House, LLC*, No. 8:14-CV-00045-T-27, 2014 WL 1366808, at *1 (M.D. Fla. Apr. 7, 2014).

---

[6] In addition, the exhibit attached to the affidavit of the Plaintiff contains earning statements apparently prepared by the Defendants that show Plaintiff worked sixty hours in a single week.   (Doc. 21, Ex. 1). These statements suggest that that Defendants had knowledge of Plaintiff working in excess of forty hours per week.

Affidavits, for example, are sufficient to establish damages if they are not conclusory. *Almeira*, 2014 WL 1366808, at *1; *see Tara Prods., Inc.*, 449 F. App'x at 912 (quoting *Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005). Now it is, of course, "an employee's burden to prove, with definite and certain evidence, that he performed work for which he was not properly compensated." *Pierre*, 2014 WL 103212 at *9 (quoting *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980)). But, inaccurate wage and hour information is not always fatal or insufficient to an employee's claim. Indeed, "if the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a sufficient basis for damages." *Id.* The calculation, then, is not always exact. Typically, once an employee proves that she has been underpaid and that she has performed the work, "the burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result [is] only approximate." *Id.*

Here, Plaintiff alleges that "the majority of Plaintiff's pay and time records are in the possession of Defendants," and that "Defendants have failed to maintain proper time records as mandated by the FLSA." (Doc. 1, ¶¶ 22, 23(c)). Additionally, Plaintiff correctly notes that because Defendants have not responded to the complaint, her affidavit is the best evidence of the hours worked. (Doc. 12 at 6). Specifically, Plaintiff's affidavit provides that her hourly rate was $8.00; that, per Defendants' requirement, she worked for fifteen minutes prior to the start of each of her shifts, but was not permitted to "clock-in" so that she could be paid for such time; that she worked twenty hours each week in excess of forty hours for which she was not paid at a rate of 1.5 times her hourly rate; and that she worked for an average of twenty overtime hours each

week for twenty-two weeks. (Doc. 12, ¶¶ 5–7, 10, 11). Further, despite lacking the complete records, Plaintiff has demonstrated through an attached exhibit to her affidavit that she was not paid at 1.5 times her hourly wage for the hours she worked on at least two of the weeks that she was employed. (Doc. 12, Ex. A). Specifically, the exhibit shows that she was not paid for nineteen and twenty hours of overtime on the weeks ending February 3, 2013 and April 7, 2013, respectively. *Id.*

Because Defendants maintain control over the majority of documents needed to accurately calculate the damages, but have refused to appear in this case, and because Plaintiff has provided a sworn accounting of her time in her affidavit, she is entitled to damages in the amount she claims. *See Pierre*, 2014 WL 103212 at *9-10 (reasoning that where Defendant fails to provide time records showing the number of hours worked by Plaintiff, the Court may rely solely on Plaintiff's affidavit to calculate damages).

Plaintiff claims she is owed $1,760.00 for the hours she worked in excess of the forty hour workweek, but was compensated at her normal hourly rate.[7] She additionally claims she is owed $330.00 for the unpaid time in which she was required to work prior to the start of her shifts.[8] These amounts, together, add up to $2,090.00 in unpaid overtime wages.[9]

---

[7] Plaintiff calculates her damages for the overtime hours she worked but was paid at her normal hourly rate as follows: $8.00 "hourly rate" times 1.5 = $12.00 "overtime rate", minus $8.00 for amounts Plaintiff was actually compensated = $4.00, times 20 hours of unpaid overtime per week = $80, times 22 weeks for which she worked twenty hours in excess of the forty hour workweek = $1,760.00.

[8] Plaintiff calculates that she was unpaid for fifteen minutes per shift for five shifts per week. (Doc. 12, ¶ 11). This equals 1.25 hours of unpaid wages per week. 1.25 hours per week times the $12.00 "overtime rate" = $15.00 of unpaid overtime per week, times 22 weeks = $330.00.

[9] Count II of Plaintiff's complaint alleges a claim of common law unjust enrichment against the Defendants for her unpaid overtime. (Doc. 1 at 7). Since Plaintiff cannot recover double damages for the same loss, if the District Judge agrees that Plaintiff is owed the full amounts of her overtime compensation under the FLSA, then any damages under Count II would simply be subsumed by her FLSA claim.

Plaintiff also seeks liquidated damages in the amount of $2,090.00, to which I submit she is entitled to recover. "Any employer who violates the provisions of section 206 or section 207 of [title 29] shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in *an additional equal amount as liquidated damages*." 29 U.S.C. § 216 (emphasis added). "[I]n the Eleventh Circuit, the law is well settled that a prevailing plaintiff under 29 U.S.C. §§ 206 and 207 is entitled to a mandatory award of liquidated damages unless the district court explicitly finds that the defendant acted in good faith in violating the [FLSA]." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1344 (M.D. Fla. 1999).

Here, Plaintiff's complaint alleges that Defendants' failure to pay the overtime was willful and that Defendants knew or should have known that they owed her overtime pay. (Doc. 1, ¶¶ 24, 34, 36). Further, Defendants provided earning statements to Plaintiff during her employment. It is clear from the earning statements that Defendants knew they were not paying Plaintiff overtime compensation because the statement itself shows that she worked in excess of the forty hour workweek, but she was paid the normal hourly rate for those excess hours. There is no evidence that Defendants acted in good faith when they violated the FLSA; indeed, the inference drawn from the complaint and affidavit support the opposite conclusion. Therefore, I submit that Plaintiff is entitled to liquidated damages in an amount equal to the damages for unpaid overtime wages.

**IV.     Conclusion**

For these reasons, I **recommend** that Plaintiff's motion for default judgment (Doc. 12) be **granted** and that Plaintiff be awarded damages for her unpaid overtime wages, as well as liquidated damages, in the total amount of **$4,180.00**.[10]

Recommended in Ocala, Florida on March 25, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[10] Notably, if the Plaintiff prevails on this default judgment she would be entitled to attorney's fees and costs under the FLSA.   29 U.S.C § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").