# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**CANDY TOWNSEND, on her own behalf**
**and on behalf of those similarly situated,**

      **Plaintiff,**

**v.**                                           **Case No: 5:14-cv-611-Oc-34PRL**

**LET'S OF OCALA, LLC d/b/a PALMS**
**INTERNET CAFÉ, a Florida Limited**
**Liability Company, et al,**

      **Defendants.**

---

# REPORT AND RECOMMENDATION[1]

After entry of final default judgment on her claims against Defendants (Docs. 14 & 15), Plaintiff filed the instant motion for attorney's fees and costs.  (Doc. 18).  Although Plaintiff contends that she is actually entitled to recover $4,071.75 in fees and costs,[2] she only seeks $3,820.00 based on a purported agreement with Defendants, who have not otherwise appeared in this action.  Upon due consideration, I submit that Plaintiff's motion should be granted.

## I. BACKGROUND

On November 4, 2014, Plaintiff brought this action against Defendants for recovery of unpaid overtime under the Fair Labor Standards Act ("FLSA").  (Doc. 1).  After Defendants failed to file a responsive pleading, the Clerk entered default on December 9, 2014. (Doc. 9).  Defendants did not seek to vacate the default or otherwise appear or defend this action.  Plaintiff then moved

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] While Plaintiff states in her motion that she is entitled to $4,011.65 in total fees and costs, the supporting documents reflect that the correct number is actually $4,071.75.

for final default judgment, which the Court granted.  (Docs. 14 & 15).  On May 5, 2015, the Court entered default final judgment in favor of Plaintiff in the total amount of $4,180.00 for unpaid overtime wages, as well as liquidated damages.  (Doc. 15).  On July 1, 2015, Plaintiff filed the instant motion.  (Doc. 18).

## II.    DISCUSSION

### A. Attorney's Fees

Plaintiff's counsel seeks an award of attorney's fees under 29 U.S.C. § 216(b), which provides that "in addition to any judgment awarded to the plaintiff or plaintiffs, [the court shall] allow a reasonable attorney's fee to be paid by the defendant."  Since the Court entered final default judgment on Plaintiff's claims, Plaintiff is entitled to a reasonable attorney's fee under this provision.

However, while Plaintiff has a right to attorney's fees incurred in the successful prosecution of her FLSA claim, the Court has a corresponding duty to ensure that such an award is reasonable.  In determining a reasonable attorney's fee, the Court applies the federal lodestar approach which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'"  *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).  Because Defendant failed to file a response in opposition, the Court lacks the benefit of the scrutiny

and analysis of the requested fees from the opposing party.  *See, e.g., Godoy v. New River Pizza, Inc.,* 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is "reasonable."). However, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.  The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id.* at 1303.  Here, Plaintiff requests $350.00 per hour for her attorney Angeli Murthy and $95.00 per hour for paralegal services.

In her affidavit (Doc. 18-2), Ms. Murthy avers that she has more than 10 years of experience and has devoted her practice to matters involving claims under state and federal employment discrimination statutes and the FLSA.  For more than five years, Ms. Murthy was an associate in the National Labor and Employment Practice Group of Morgan, Lewis & Bockius LLP in both Philadelphia and Miami; and since December 2011 she has worked at Morgan & Morgan, P.A.  Although Ms. Murthy currently bills clients at a rate of $425.00 per hour, Plaintiff claims fees at the lesser rate of $350.00 per hour because it is consistent with rates approved by Courts in this District for attorneys with comparable experience in connection with settlements in wage and hour matters.  Having considered the experience of Ms. Murthy, the location of her practice, the complexity of the case, and my own experience and familiarity with rates in the

Middle District, I submit that $350.00 is a reasonable hourly rate.  *See e.g., Curbelo et al., v. Mallard Cleaning Systems, LLC*, 6:14-cv-2103-Orl-37DAB at Doc. 24 (M.D. Fla. April 14, 2015) (recommending rate of $350 per hour in FLSA matter for attorney practicing since 2006 and noting that this rate has been previously awarded in the Middle District); *Jenkins et al., v. North Texas Maintenance, Inc. et al.,* Case No. 2:12-cv-677-FtM-38DNT at Doc. 35 (M.D. Fla. August 2, 2013) (approving Ms. Murthy's rate of $350.00).  Likewise, the requested hourly rate of $95.00 for paralegal services is reasonable.  *See e.g., Jenkins et al., v. North Texas Maintenance*, Inc. et al., Case No. 2:12-cv-677-FtM-38DNT at Doc. 35 (M.D. Fla. August 2, 2013) (approving rate of $95.00 for paralegal services); *Quinones v. J.P. Morgan Chase & Co.,* Case No. 6:09-cv-299, 2010 WL 376012 (M.D. Fla. Jan. 26, 2010) (approving rate of $95.00 for paralegal services).

Next, the Court must determine the number of hours reasonably expended on the litigation. Here, Plaintiff seeks compensation for 9.7 hours of legal work performed by Ms. Murthy, including time spent preparing the motion for final default judgment and the instant motion for fees, as well as conversations with Defendant in efforts to resolve the matter.  (See time records filed at Doc. 18-3).  Plaintiff also seeks compensation for 1.7 hours of paralegal time.  After reviewing the time entries, and in the absence of any objection, I find that the entire 9.7 hours of legal time and 1.7 hours of paralegal time was reasonably expended by Plaintiff's counsel on the prosecution of this action.  Based on Plaintiff's requested hours and rate the total amount, which the Court finds to be reasonable is $3,395.00 (for Ms. Murthy) and $161.50 (for her paralegal), for a total amount of $3,556.50.

## B.  Costs

Under federal law, a prevailing party may recover costs from a losing party.  Fed. R. Civ. P. 54(d)(1).  But absent authority from a federal statute, rule, or court order, recoverable costs are

limited to the narrow range of enumerated items listed in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441 (1987). Here, Plaintiff seeks to recover $515.25 in costs for filing fees ($400.00), service of process ($90.00), and necessary copies ($25.25). (Doc. 18-1). All of these costs are specifically recoverable under § 1920, and thus, I find that the requested costs are appropriately taxed in this case.

### C. Agreement for Fees and Costs

Although I find that Plaintiff's total requested attorney's fees and costs ($4,071.75) are reasonable and recoverable, Plaintiff only seeks to recover $3,820.00 in this motion because the parties have purportedly reached an agreement. I submit that this lesser amount sought is also reasonable and should be awarded in its entirety.

### III.   RECOMMENDATION

In view of the foregoing, I **RECOMMEND** that Plaintiff's motion for attorney's fees and costs (Doc. 18) be **GRANTED** and Plaintiff be awarded **$3,820.00** in attorney's fees and costs.

Recommended in Ocala, Florida on July 28, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy